IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DAWN HARNEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>1. SUREXPRESS DELIVERY SERVICES, LLC, and<br><br>2. LABEXPRESS, L.L.C<br><br>Defendants | CASE NO. 19-cv-670-CVE-FHM<br><br>ATTORNEY'S LIEN CLAIMED FOR THE FIRM |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Dawn Harney ("Plaintiff") by and through her attorney Charles C. Vaught of the firm *Armstrong and Vaught, P.L.C.*, and for her Original Complaint against Defendants Surexpress Delivery Services, LLC, and LabExpress, L.L.C. ("Defendants"), states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Oklahoma has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect within the Northern District of Oklahoma; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Oklahoma has personal jurisdiction over Defendants, and Defendants therefore "reside" in Oklahoma.

6. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

7. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a citizen and resident of Rogers County.

10. Defendant Surexpress Delivery Services, LLC ("Surexpress"), is a domestic limited liability company, registered and licensed to do business in the State of Oklahoma.

11. Surexpress's registered agent for service of process in Oklahoma is Wright, McAfee & Co., 3801 Northwest 63rd, Building 3, Suite 231, Oklahoma City, Oklahoma 73116.

12. Defendant LabExpress, L.L.C. ("LabExpress"), is a is a domestic limited liability company, registered and licensed to do business in the State of Oklahoma.

13. LabExpress's registered agent for service of process in Oklahoma is Wright, McAfee & Co., 3801 Northwest 63rd, Building 3, Suite 260, Oklahoma City, Oklahoma 73116.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. From approximately December of 2018 until approximately September of 2019, Defendant paid Plaintiff in exchange for Plaintiff's performance of managing Defendants' warehouses in Tulsa.

16. Plaintiff performed the following duties for Defendant from December of 2018 until approximately September of 2019 including, but not necessarily limited to: Making telephone calls to and taking telephone calls from Defendants' customers, courier and freight drivers and Defendants, working delivery routes, taking courier and freight vehicles to a mechanic shop for vehicle maintenance, training courier and freight

drivers, routing courier and freight jobs and seeking approval for courier and freight jobs from Defendants.

17. At all times relevant herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

18. Defendants are an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

19. Defendants provide freight and courier services throughout the state of Oklahoma.

20. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including, but not limited to, handling delivery vehicles.

21. Defendants' annual gross volume of sales or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

22. Defendants directly engaged Plaintiff, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and warehouse conditions, and kept at least some records regarding her employment.

23. Plaintiff routinely performed services for Defendant as a manager in excess of forty (40) hours per week.

24. Plaintiff performed services for Defendant as a manager for as many as ninety (90) hours per week.

25. When Plaintiff began performing services for Defendants as a manager, Defendants agreed to pay Plaintiff a fixed daily rate.

26. When Plaintiff began performing services for Defendants as a manager, Defendants agreed to pay Plaintiff a fixed daily rate of $230.00 per day worked.

27. Throughout the rest of Plaintiff's tenure performing services for Defendants as a manager, Defendants did not pay Plaintiff a fixed daily rate per day worked.

28. Throughout the rest of Plaintiff's tenure performing services for Defendants as a manager, Plaintiff's income varied depending on the what job duties she performed during a shift.

29. Defendants classified Plaintiff as an independent contractor for purposes of the overtime provisions of the FLSA.

30. Defendants never paid Plaintiff any hourly monetary premiums for any time Plaintiff spent performing tasks or services for Defendants when the time Plaintiff spent performing tasks or services for Defendants accrued to more than forty (40) hours per week.

31. Defendants never intended to, or agreed to, pay Plaintiff any money beyond her fixed daily rate, even if Plaintiff spent more than forty (40) hours per week performing tasks or services for Defendants as a manager.

32. Plaintiff had no authority to delegate tasks to courier and freight drivers for Defendants without prior approval from Defendants.

33. Plaintiff had no authority to hire courier and freight drivers for Defendants.

34. Plaintiff had no authority to fire courier and freight drivers for Defendants.

35. Plaintiff had no authority to perform performance evaluations of Defendants' courier and freight drivers.

36. Plaintiff had no authority to promote courier and freight drivers for Defendants.

37. Plaintiff had no authority to demote courier and freight drivers for Defendants.

38. Defendants required Plaintiff to satisfy whatever needs and requirements Defendants and Defendants' customers had.

39. Plaintiff did not share in Defendants' profits.

40. Plaintiff did not share in Defendants' losses.

41. Defendants made decisions on advertising Defendants' business without the input of Plaintiff.

42. Defendants entered into contracts with its customers, and Plaintiff did not sign contracts with Defendants' customers.

43. Defendants set the prices for its customers for freight and courier services without input or negotiation from Plaintiff.

44. Plaintiff did not advertise herself as an independent contractor.

45. Defendants made decisions on what new business to pursue or take without the input of Plaintiff.

46. Plaintiff did not negotiate contracts or prices with Defendants' customers.

47. Defendants expected Plaintiff to follow Defendants' policies regarding her employment.

48. Defendants further required Plaintiff to perform various job duties for Defendants outside of normal business hours off Defendants' premises including, but not necessarily limited to, taking and making telephone calls and receiving correspondence from other employees and Defendants' customers.

49. Defendants did not compensate Plaintiff for the work performed outside of normal business hours off Defendants' premises.

50. Upon information and belief, Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

51. Upon information and belief, as a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

52. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA.

### V.   CLAIM FOR VIOLATION OF THE FLSA

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

55. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

56. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

59. Defendants failed to pay Plaintiff a lawful overtime premium of one and one-half (1.5) times her regular rate for all hours worked over forty (40) hours per week, despite her entitlement thereto.

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dawn Harney respectfully prays as follows:

A.   That Defendants Surexpress Delivery Services, LLC, and Labexpress, L.L.C., be summoned to appear and answer this Complaint;

B.   For orders regarding certification of and notice to the proposed class members;

C.   For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed class members against Defendants for their actual economic damages in an amount to be determined at trial;

D.   For liquidated damages as provided for under the FLSA;

E.   For attorneys' fees, costs, and pre-judgment interest; and

F.   For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF DAWN HARNEY**

**ARMSTRONG & VAUGHT, P.L.C.**

/s/ *Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, Oklahoma 74114
cvaught@a-vlaw.com
918-582-2500 – *Telephone*
918-583-1755 – *Facsimile*
***Attorney for Plaintiff***