## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAWN HARNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CV-00670-CVE-FHM** |
| | ) | |
| **SUREXPRESS DELIVERY SERVICES, LLC,** | ) | |
| **and** | ) | |
| **LABEXPRESS, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is plaintiff Dawn Harney's motion to dismiss counterclaim and brief in support (Dkt. ## 23, 24). Defendant Surexpress Delivery Services, LLC (Surexpress) has filed a response (Dkt. # 29), and plaintiff has filed a reply (Dkt. # 30). Plaintiff argues that Surexpress's counterclaim for conversion should be dismissed for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(1), (6).

### I.

The following are the facts alleged in Surexpress's counterclaim (Dkt. # 21): Surexpress provides freight and courier services to its customers throughout the State of Oklahoma. Dkt. # 21, at 1. As a part of its business operations, Surexpress has entered into numerous written agreements with independent contractors to perform delivery services. Id. Surexpress retains copies of these written agreements. Id. at 1-2. The copies of the written agreements are the company's property and essential to its business. Id. at 2.

From approximately 2012 to 2019, plaintiff performed delivery services for Surexpress as an independent contractor. Id. Plaintiff and Surexpress entered into a written agreement with regard to her role as an independent contractor. Id. During her relationship with Surexpress, plaintiff allegedly developed a pattern of misappropriating Surexpress's property without authorization or permission. Id. For instance, plaintiff allegedly obtained Surexpress's company credit card on multiple occasions and misappropriated company funds to purchase personal items, such as computer tablets. Id.

On September 11, 2019, plaintiff informed Surexpress that she would be ending her independent contractor relationship with Surexpress effective October 11, 2019. Id. Prior to ending her relationship with Surexpress, plaintiff once again misappropriated Surexpress's property. Id. Specifically, she took and retained, without authorization or permission, Surexpress's copy of the written independent contractor agreement it entered into with plaintiff. Id. Plaintiff also took, without authorization or permission, Surexpress's copies of the written agreements that Surexpress entered into with other independent contractors. Id. Plaintiff's purpose for taking the agreements was allegedly to deprive Surexpress of its use in the present case, and to solicit Surexpress's independent contractors to end their business relationships with Surexpress. Id.

On December 9, 2019, plaintiff filed a complaint (Dkt. # 2) asserting violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA). On June 9, 2020, with permission from the Court to file a late answer and counterclaim, Surexpress filed an answer (Dkt. # 20) and counterclaim (Dkt. # 21) for conversion. Dkt. # 21, at 3. Plaintiff filed a motion to dismiss counterclaim (Dkt. # 23), arguing lack of subject matter jurisdiction over the counterclaim under

Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.

## A.

Plaintiff argues that the Court should refuse to exercise supplemental jurisdiction over Surrexpress's counterclaim and it should be dismissed under Federal Rule of Civil Procedure 12(b)(1). Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, plaintiff makes a facial attack to Surrexpress's counterclaim because she did not cite to any outside evidence. Where a motion to dismiss is based on a facial attack, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

Federal courts have subject matter jurisdiction over all civil actions involving federal law. See 28 U.S.C. § 1331. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact."

United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). If a claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," then it is compulsory, and must be pleaded as a counterclaim. Fed. R. Civ. P. 13(a). "Under Gibbs, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988).

The FLSA governs the payment of minimum wages and overtime compensation between an employer and its employees. See 29 U.S.C. 29 U.S.C. §§ 206, 207. An independent contractor cannot maintain a claim under the FLSA. See Johnson v. Unified Gov't of Wyandotte County/Kansas City, Kan., 371 F.3d 723, 727 (10th Cir. 2004) (noting that, to recover under the FLSA, the plaintiff must establish that he or she was an employee, rather than an independent contractor, of the defendant). Therefore, it is integral to plaintiff's FLSA claim that she was Surexpress's employee, and not an independent contractor. Surexpress alleges that plaintiff was an independent contractor. Dkt. # 21, at 2. It alleges that proof of plaintiff's independent contractor status is in the possession of plaintiff, and that she misappropriated an agreement relating to her status as an independent contractor. Id. This forms the basis for Surexpress's state law conversion counterclaim. Thus, the Court finds that Surexpress's counterclaim is compulsory because it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.

R. Civ. P. 13(a).[1]   Therefore, Surexpress was required to assert its conversion claim as a counterclaim in this action, and the Court should exercise supplemental jurisdiction over that claim. Plaintiff argues that the cases that Surexpress cited in its response are inapplicable and are nonbinding.  Dkt. # 30, at 5-7.  However, the Court need not rely on Surexpress's cited cases to find that its conversion claim is a compulsory counterclaim.  The Court finds that plaintiff's motion to dismiss counterclaim as it relates to Federal Rule of Civil Procedure 12(b)(1) should be denied.[2]

## B.

The Court turns to plaintiff's argument that Surexpress's counterclaim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss, a party must "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A suit for conversion may be maintained by establishing an "act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."  Welty v. Maritinaire of Oklahoma, Inc., 867 P.2d 1273, 1275 (Okla. 1994).  "In terms of essential elements, one seeking damages for conversion must plead and prove (a) he owns or has a right to

---

[1]   Plaintiff argues that the evidence that will be presented for plaintiff's FLSA claim will be different than the evidence that Surexpress will present for its conversion counterclaim. Dkt. # 30, at 4-5.  This is incorrect.  A central issue in this case is whether or not plaintiff was an independent contractor for purposes of plaintiff's FLSA claim, and the alleged agreement may prove that plaintiff was an independent contractor.

[2]   Plaintiff argues that the Court should dismiss Surexpress's counterclaim for the reasons stated in 28 U.S.C. § 1367(c). Dkt. # 30, at 7.  However, those factors are discretionary, and the Court has already held that Surexpress's counterclaim is compulsory.

possess the property in question, (b) that defendant wrongfully interfered with such property right, and (c) the extent of his damages." White v. Webber-Workman Co., 591 P.2d 348, 350 (Okla. Civ. App. 1979).  Plaintiff argues that defendant did not plead the extent of its damages in its conversion counterclaim.[3]  Dkt. ## 24, at 7; 30, at 8.  However, Surexpress alleged in its counterclaim that plaintiff's actions deprived it of the agreement necessary to defend against plaintiff's FLSA claim. Dkt. # 21, at 2.  Surexpress asks for "all monetary damages caused by her unlawful conversion of Surexpress'[s] property, for punitive damages, for an equitable order requiring [plaintiff] to return to Surexpress its property, for attorney fees, expenses, costs, and interest, and for all other relief to which it may be entitled by law and equity."  Dkt. # 21, at 3.  Plaintiff cites no case requiring that a specific dollar amount be pleaded in a conversion claim.  Moreover, defendant has pleaded the extent of its damages; it seeks equitable relief in addition to money damages.[4]  Therefore, the Court finds that plaintiff's motion to dismiss counterclaim as it relates to Federal Rule of Civil Procedure 12(b)(6) should be denied.

     **IT IS THEREFORE ORDERED** that plaintiff Dawn Harney's motion to dismiss counterclaim (Dkt. # 23) is **denied**.

     **IT IS FURTHER ORDERED** that plaintiff shall answer the counterclaim **no later than August 24, 2020**.

---

[3]  Plaintiff also argues that Surexpress failed to allege sufficient facts to support a claim for conversion.  Dkt. # 30, at 10.  However, Surexpress is not required to come forward with evidence at this point in the litigation in support of its conversion claim, and the Court finds that Surexpress sufficiently pleaded its conversion claim to survive a motion to dismiss.

[4]  Plaintiff argues that, if Surexpress needs the agreement proving that plaintiff was an independent contractor, it can ask for it through discovery.  Dkt. # 30, at 10.  Plaintiff is correct, but this does not prevent Surexpress from alleging conversion.

**DATED** this 10th day of August, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE